## INTERBOROUGH NEWS CO. v. CURTIS PUB. CO. et al.

United States District Court
S. D. New York.
June 19, 1950.

Webster, Sheffield & Horan, New York City (Francis H. Horan and John V. Lindsay, New York City, of counsel), for plaintiff & Jules Stolz, Almond E. Booth (sued as Alfred E. Booth) George P. Booth and Herbert Meyer.

Curtis, Mallet-Prevost, Colt & Mosle, New York City (Paxson, Kalish, Dilworth & Green, Richardson Dilworth, and Harold E. Kohn, all of Philadelphia, Pa., of counsel), for defendant Triangle Publications, Inc.

IRVING R. KAUFMAN, District Judge.

Plaintiff and the individual additional defendants to the counterclaim of defendant Triangle Publications, Inc. (hereafter called "Triangle") have moved for an order striking from the counterclaim certain paragraphs purporting to state a claim under the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq.

The complaint in the action alleges that the defendant corporations are publishers or national distributors of magazines and other periodicals; that for many years the plaintiff was the wholesale distributor for the defendants in and near New York City; that in or about 1947 the defendants entered into a conspiracy in violation of the Sherman Act, 15 U.S.C.A. § 1, to boycott the plaintiff and otherwise injure it;

and plaintiff seeks treble damages and injunctive relief under Sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26.

The counterclaim by Triangle is against the plaintiff and four of its officers. Plaintiff and its officers seek to have stricken all averments relating to the Robinson-Patman Act in the following paragraphs on the ground that said averments are immaterial, impertinent and insufficient under Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A.

"7. This Counterclaim is authorized by Section 4 of the Clayton Act (15 U.S.C., Sec. 15) for three-fold the damages sustained by the plaintiff for injury to its business and property by reason of the violation by counter-defendants of Secs. 1 and 2 of the Sherman Act (15 U.S.C., Secs. 1 and 2), and for the costs of this Counterclaim, including a reasonable attorney's fee, and by the Robinson-Patman Act (15 U.S.C., Sec. 13–13c)."

"14. Interborough was enabled thereby to and did discriminate unlawfully against Triangle by demanding and obtaining from Triangle a rebate of 3½% upon the cost of all magazines sold by Triangle to Interborough, which rebate Interborough did not demand or receive from certain other publishers favored by it.

"15. Interborough was also thereby enabled to and did unlawfully require Triangle to sell magazines to it at less than the wholesale price paid by other wholesale distributors throughout the country, none of which reduced price was passed on by Interborough to the retail dealers or to the purchasing public, and all of which price differential was retained by Interborough for its own profit and use."

The paragraphs allege, in brief, that Interborough demanded and obtained from Triangle a rebate of 3½% of the cost of all magazines sold by Triangle to Interborough for distribution.

The moving parties assert:

(a) That the Robinson-Patman Act is aimed at the discriminating seller and not at one who is a buyer, such as Interborough.

(b) That the counterclaim under the Robinson-Patman Act, if that Act is applicable, is insufficient for the following reasons:

1) As a condition precedent to a violation of the Act the discrimination in price must be practiced "between different purchasers", and at least two purchases must have taken place; the counterclaim does not so allege.

2) There is no averment that Interborough knowingly induced or received a discrimination in price.

3) There is no allegation of knowing participation in a price discrimination or that the discrimination in price involved commodities of like grade and quality.

4) There is no averment that there was a discrimination in price between competing buyers.

5) There is no averment in the counterclaim that the effect of such discrimination has been substantially to lessen competition or tend to create a monopoly.

(c) If the Robinson-Patman Act is applicable, Triangle, having pleaded complicity, is barred.

The first two grounds for the motion can be considered together. Plaintiff and the additional defendants have undoubtedly overlooked the section of the Robinson-Patman Act under which the counterclaim is brought. That section is 1(c) of the Act, 15 U.S.C.A. § 13(c) which provides as follows: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid."

This section was passed primarily to deal with the situation of a large *buyer* or groups of *buyers* exerting pressure to obtain rebates and commissions on their purchases, as is alleged in the counterclaim in this case. See House Report No. 2287, 74th Cong., 2d Sess. (1936). Section 13(c) has been applied primarily to buyers in the cases that have been reported, and in these cases similar contentions to those urged under subdivision (b) above, have all been considered and overruled. Biddle Purchasing Co. v. Federal Trade Commission, 2 Cir., 1938, 96 F.2d 687, certiorari denied 1938, 305 U.S. 634, 59 S.Ct. 101, 83 L.Ed. 407; Oliver Bros., Inc. v. Federal Trade Commission, 4 Cir., 1939, 102 F.2d 763; Great Atlantic & Pacific Tea Co. v. Federal Trade Commission, 3 Cir., 1939, 106 F.2d 667, certiorari denied 1940, 308 U.S. 625, 60 S.Ct. 380, 84 L.Ed. 521; Quality Bakers of America v. Federal Trade Commission, 1 Cir., 1940, 114 F.2d 393; Webb-Crawford Co. v. Federal Trade Commission, 5 Cir., 1940, 109 F.2d 268, certiorari denied 1940, 310 U.S. 638, 60 S.Ct. 1080, 84 L.Ed. 1406; Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co. et al., D.C.W.D.Ky. 1941, 37 F.Supp. 728, affirmed sub nom. Fitch v. Kentucky-Tennessee Light & Power Co., 6 Cir., 1943, 136 F.2d 12, 149 A.L.R. 650. These contentions need not be further considered. Section 13(c) applies to buyers as well as sellers and the allegations of the counterclaim are sufficient to state a cause of action under that Section.

■ As to the third ground for the motion, Triangle's alleged complicity, the Court has considered that contention thoroughly in an opinion handed down this day, Allgair v. Glenmore Distilleries Co., Inc., et al., D.C., 91 F.Supp. 93, and for the reasons stated in that decision is compelled at this time to overrule the motion to strike based on complicity.

■ This Court cannot lose sight of the fact that this application is addressed to the face of the counterclaim. It is therefore asked upon this application to determine whether on the face of the counterclaim the defendant Triangle is entitled to its day in court on the allegations based on the Rob-

inson-Patman Act. While determination is made upon this motion that the counterclaim, as challenged, is sufficient, it is apparent to this court that the counterclaiming defendant will encounter much difficulty at the trial in establishing on the merits its right to recover; for there must be established such strong compulsion which motivated the payment by the counterclaiming defendant as to amount to substantial economic coercion.

Motion by plaintiff and additional defendants to strike paragraphs of the counterclaim is denied.

Settle order in accordance with this decision.